UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA SANIEL,<br><br>  Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY; BANK OF AMERICA; COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>  Defendants. | Case No.: 2:09-cv-2290-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#10, Motion for Leave to File Defendants' Amended Motion to Dismiss–#34)) |

Before the Court is Defendants Recontrust Company, Bank of America, Countrywide Home Loans ("Countrywide"), and Mortgage Electronic Registration Systems' ("MERS") **Motion to Dismiss** (#10), filed December 9, 2009. The Court has also considered Plaintiff Andrea Saniel's Opposition (#22), filed January 25, 2010, and Defendants' Reply (#23), filed February 4, 2010.

Also before the Court is Defendants' **Motion for Leave to File Defendants' Amended Motion to Dismiss** (#34), filed June 9, 2010.

/

/

1

## BACKGROUND

In November 2005, Saniel refinanced the property located at 6507 Coronado Canyon in Las Vegas, Nevada, with a mortgage loan through Countrywide. (Dkt. #1, Pet. for Removal Ex. A., Compl.) When Saniel defaulted on her mortgage loan in June 2009, Defendants instituted foreclosure proceedings on the property.

On October 16, 2009, Saniel filed suit against Defendants in the Eighth Judicial District Court of the State of Nevada alleging: (1) misrepresentation and fraud by omission, (2) quiet title, (3) contractual breach of duty of good faith and fair dealing, (4) tortious breach of duty of good faith and fair dealing, (5) civil conspiracy, (6) civil RICO and racketeering, (7) unjust enrichment, (8) conspiracy to commit fraud related to the MERS system, (9) fraud by obtaining signature by false pretenses, (10) injunctive relief, and (11) declaratory relief. On December 2, MERS removed the lawsuit to this Court. One week later, Defendants filed a Motion to Dismiss (#10) for failure to state a claim upon which relief can be granted.

In late 2009, the United States Judicial Panel on Multi-District Litigation ("Panel") consolidated numerous cases in which plaintiffs allege that MERS engaged in improper business practices when processing home loans. *In re: MERS Litigation*, MDL No. 09-2119-JAT ("MERS MDL"). The Panel assigned Judge Teilborg in the District of Arizona to oversee the MERS MDL. The Panel later add numerous cases from the District of Nevada to the MERS MDL, including the case at bar, but only as to those individual claims that "relate to the formation and/or operation of MERS." *Id.* The Panel further indicated that Judge Teilborg would separate and remand any unrelated claims back to the original district court. (Dkt. #27, Conditional Transfer Order, Feb. 16, 2010.) In the interim, this Court stayed all proceedings. (Dkt. #26, Order, Feb. 22, 2010.) On May 17, 2010, Judge Teilborg remanded various claims to this Court. (Dkt. #30, MDL Order.)

/
/
/

**DISCUSSION**

**I.      Defendants' Motion for Leave to File Defendants' Amended Motion to Dismiss**

On June 2, 2010, the Court informed the parties it would proceed to consider any motion that was pending before the proceedings were stayed. (Dkt. #32, Notice.) The Court also stated, "If a party has since discovered any significant new information that is relevant for the Court's consideration of any pending motion(s), they may before June 9, 2010, request leave to supplement the moving papers." Defendants requested leave to amend their Motion to Dismiss. (Dkt. #34, Defs.' Mot., Jun. 9, 2010.) However, Defendants' proposed amended motion provides no new information to the Court. Instead, Defendants have essentially edited the original motion to remove sections related to claims which remain with the MERS MDL. Because Defendants' proposed amended motion makes the same arguments and asks for the same relief on Saniel's remanded claims as their previous motion, the Court finds that granting Defendants' Motion for Leave will not serve judicial economy. Defendants' Motion for Leave is therefore denied. Accordingly, the Court will now consider Defendants' original Motion to Dismiss (#10), which was ripe for adjudication before the proceedings were stayed. For the reasons discussed below, the Court grants Defendants' Motion to Dismiss.

**II.     Defendants' Motion to Dismiss**

In this case, Judge Teilborg expressly remanded Saniel's fourth claim for tortious breach of the implied duty of good faith and fair dealing. (Dkt. #30, MDL Order (stating claims 1–3 and 5–9 remain with the MERS MDL, while remanding claim 4).) The MDL Order did not discuss Saniel's tenth claim for declaratory relief or eleventh claim for injunctive relief; however, Judge Teilborg indicated claims for declaratory and injunctive relief were remanded to the extent they applied to other remanded claims. As a result, the Court will evaluate Saniel's claim for tortious breach of the implied duty of good faith and fair dealing and the availability of declaratory and injunctive relief thereto.

/

AO 72
(Rev. 8/82)

### A.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### 1.     Tortious Breach of the Implied Duty of Good Faith and Fair Dealing

As a general rule, breach of the implied covenant of good faith and fair dealing is a contract claim. *See A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989).

1  However, an exception exists for a tortious breach of the implied covenant of good faith and fair

2  dealing when a plaintiff shows a special element of either reliance or fiduciary duty because the

3  defendant was in a superior or entrusted position. *Id.* at 10.  Tort liability for breach of the good

4  faith covenant is limited to "rare and exceptional cases," *K Mart Corp. v. Ponsock*, 732 P.2d 1364,

5  1370 (Nev. 1987), and is appropriate where "the party in the superior or entrusted position" has

6  engaged in "grievous and perfidious misconduct." *Great Am. Ins. Co.*, 934 P.2d at 263.

7  Saniel's claim fails because she has not plausibly alleged a special element of

8  reliance or fiduciary duty.  Saniel claims Defendants had a fiduciary duty, which included

9  responsibility for overseeing the loan and ensuring she received the required disclosures under

10 federal law. (Compl. ¶ 51.)  She further alleges she relied upon Defendants "to ensure that the

11 consumer credit transaction was legal, proper, and complied with all applicable laws, rules, and

12 Regulations" because she was not a mortgage broker or familiar with the consumer and mortgage

13 loan industries. (Compl. ¶ 52.)  However, courts have repeatedly held that a lender owes no

14 fiduciary duties to a borrower absent exceptional circumstances, such as when a special

15 relationship exists between the two parties. *Yerington Ford, Inc. v. Gen. Motors Acceptance*

16 *Corp.*, 359 F. Supp. 2d 1075, 1090 (D. Nev. 2004) (stating "the Court is satisfied that the Nevada

17 Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in

18 nature, absent exceptional circumstances"), *aff'd in relevant part by Giles v. Gen. Motors*

19 *Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007).  Saniel's allegations represent a typical lender-

20 borrower relationship and do no more than label Defendants' role as fiduciary without stating

21 sufficient factual matter to survive Defendants' motion to dismiss.  These vague allegations,

22 together with these well-settled legal principles, do not permit the Court to reasonably infer that

23 Defendants are liable for the alleged misconduct. *See Iqbal*, 129 S. Ct. at 1949.  Accordingly, the

24 Court dismisses this claim.

25 /

26 /

AO 72
(Rev. 8/82)

**2.     Declaratory and Injunctive Relief**

Because the Court has dismissed Saniel's claim for tortious breach of the implied duty of good faith and fair dealing, she is not entitled to injunctive or declaratory relief on this claim. The Court therefore dismisses her petition for declaratory and injunctive relief.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is GRANTED as to Saniel's fourth claim for tortious breach of the implied duty of good faith and fair dealing and the availability of declaratory and injunctive relief thereto.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Defendants' Amended Motion to Dismiss (#34) is DENIED.

Dated: June 23, 2010.

_____
ROGER L. HUNT
**Chief United States District Judge**